UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-61264-BLOOM/Valle

SURROGATE DIBBLE,

 Plaintiff,
v.

WILLIAM AVRICH and
ABOVE AVRICH, INC.,

 Defendants.
_____/

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTIONS TO DISMISS**

**THIS CAUSE** came before the Court on Defendants William Avrich and Above Avrich, Inc.'s ("Defendants") Motion to Dismiss, ECF No. [19] (the "Motion"). The Motion seeks dismissal of Plaintiff Surrogate Dibble's ("Plaintiff") Complaint, ECF No. [1]. The Court has reviewed the Motion, all supporting and opposing filings, and the record in this case, and is otherwise fully advised as to the premises. For the reasons set forth below, the Court denies the Motion.

## I.  BACKGROUND

This is an action for defamation based on statements allegedly published by Defendants about Plaintiff on a website, www.transportreviews.com.

Plaintiff alleges that he contacted Defendant Avrich on April 7, 2014 in order to retain his services for the transport of Plaintiff's vehicle from Washington to Alabama. Compl. ¶ 7. Plaintiff claims to have received contradictory price quotes from Defendant, and that the parties communicated regarding the potential transportation services by telephone and email. *Id*. ¶ 8.

Thereafter, between April 9 and April 15, 2014, and again on May 12, 2014, Defendant Avrich "unleashed a stream of invective" (to use Defendants' own characterization) against Plaintiff on the transportreviews website. *Id*. ¶¶ 9- 10; *see* Mot. ¶ 5. Representative of Defendant's statements are:

> What in Tarnation is a Surrogate Dibble, No way this can be a real human beings name, low class redneck pig excrement, redneck asshole, PATHETIC, LOWCLASS, INBRED REDNECK SCUMBAG, venom-spewing, mud-sucking, LOW-CLASS REDNECK, REDNECK LOSERS, SON OF A BITCH, SCUMBAG DRIBBLE, Now do us all a big favor and go play some Russian Roulette with SIX rounds in the chamber
>
> WHAT IN TARNATION IS A SURROGATE DIBBLE, This low-class, inbred, half-witted, redneck, idiot, horse's ass, bully, CHEAPSKATE AND ASSHOLE, venom-spewing, mud-sucking clown, NON-CUSTOMER, pig-farmer, miserable redneck loser, Surrogate Dibble yo-yo, son of a bitch, SCUMBAG DRIBBLE

Compl ¶ 10. Plaintiff characterizes Defendants' online publications as defamatory, and has sued accordingly. Of Plaintiff's four-count Complaint, the first three state claims for libel and slander, and the fourth for intentional infliction of emotional distress based on the allegedly defamatory actions.

Defendants have filed the instant Motion to dismiss Plaintiff's defamation claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and (presumably) with them the claim for intentional infliction of emotional distress (which does not state a separate cause of action). Defendants also argue that Plaintiff has failed to properly support diversity jurisdiction, focusing specifically on the amount-in-controversy requirement. While Defendants have neglected to articulate the relevant rule, the Court will consider the Motion as seeking dismissal under Fed. R. Civ. P. 12(b)(1) as well.

## II.     DISCUSSION

### A.     Plaintiff Has Properly Stated a Claim for Defamation

#### 1.     Standard for Dismissal for Failure to State a Claim

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the

non-moving party, and all facts alleged by the non-moving party are accepted as true." ); *Iqbal*, 556 U.S. at 678.  A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim.  *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).  While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.  "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### 2. The Complaint Contains Sufficiently Plausible Allegations of Defamation

Under Florida law, "[d]efamation encompasses both libel and slander.  Slander is ordinarily confined to defamatory spoken words, whereas libel pertains to defamatory written statements." *Klayman v. Judicial Watch, Inc.*, 2014 WL 2158418, at *4 & n.2 (S.D. Fla. May 23, 2014) (quotations omitted) (similarly treating the elements of libel and slander, and defamation generally).  "To recover for libel or slander under Florida law, a plaintiff must demonstrate that: 1.) the defendant published a false statement; 2.) about the plaintiff; 3.) to a third party; and 4.) the [plaintiff] suffered damages as a result of the publication." *Thompson v. Orange Lake Country Club, Inc.*, 224 F. Supp. 2d 1368, 1376 (M.D. Fla. 2002) (citing *Valencia*

*v. Citibank Int'l*, 728 So. 2d 330, 330 (Fla. 3d DCA 1999)). "A published statement is libelous *per se* if: '(1) it charges that a person has committed an infamous crime; (2) it charges a person with having an infectious disease; (3) it tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; or (4) it tends to injure one in his trade or profession.'" *Klayman*, 2014 WL 2158418 at *2 (quoting *Richard v. Gray*, 62 So. 2d 597, 598 (Fla. 1953) (en banc)).

"The first element of the claim, a false statement of fact, is the *sine qua non* for recovery in a defamation action." *Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1378 (S.D. Fla. 2006) (quoting *Hallmark Builders, Inc. v. Gaylord Broad., Co.*, 733 F. 2d 1461, 1464 (11th Cir. 1984); *Byrd v. Hustler Magazine, Inc.*, 433 So. 2d 593, 595 (Fla. 4th DCA 1983)) "[A] defamation claim may not be actionable when the alleged defamatory statement is based on non-literal assertions of fact or rhetorical hyperbole that cannot reasonably be interpreted as stating actual facts about an individual." *Horsley v. Rivera*, 292 F.3d 695, 701 (11th Cir. 2002) (quotations omitted). Hyperbolic rhetoric itself negates the impression that the writer seriously maintained her words as statements of fact. *See Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990); *Fortson*, 434 F. Supp. 2d at 1378-79 ("Although rhetorically hyperbolic statements may at first blush appear to be factual, they cannot reasonably be interpreted as stating actual facts about their target.") (citing *Standing Comm. on Discipline of U.S. Dist. Court for Cent. Dist. of Cal. v. Yagman*, 55 F. 3d 1430, 1438 (9th Cir. 1995)).

It is for the Court to decide, as a matter of law, whether the complained of words are actionable expressions of fact or non-actionable expressions of pure opinion and/or rhetorical hyperbole. *See Colodny v. Iverson, Yoakum, Papiano & Hatch*, 936 F. Supp. 917, 923 (M.D. Fla. 1996) ("[W]hether the alleged defamatory word is a[ ] non-actionable expression of pure opinion or an actionable expression of pure fact . . . is a question of law for the Court.") (citing

Florida cases).  "In determining whether an allegedly defamatory statement is an expression of fact or an expression of pure opinion and/or rhetorical hyperbole, context is paramount." *Fortson*, 434 F. Supp. 2d at 1379; *see also From v. Tallahassee Democrat, Inc.*, 400 So. 2d 52, 57 (Fla. 1st DCA 1981) ("[T]he test to be applied in determining whether an allegedly defamatory statement constitutes an actionable statement of fact requires that the court examine the statement in its totality and the context in which it was uttered or published."); *LRX, Inc. v. Horizon Associates Joint Venture ex rel. Horizon-ANF, Inc.*, 842 So. 2d 881, 885 (Fla. 4th DCA 2003) ("One looks to the totality of the statement, the context in which it was published, and the words used to determine whether the statement is pure or mixed opinion."); *Spears v. Albertson's, Inc.*, 848 So. 2d 1176, 1178 (Fla. 1st DCA 2003) ("A determination of whether these words constitute slander must be made by considering the context in which the words were spoken.").

Plaintiff's three substantive counts – slander *per se*, slander and libel *per se* – are in effect three different theories of the same defamation cause of action.  Since the allegations involve statements published online, the operative claim here is libel.  *See Internet Solutions Corp. v. Marshall*, 39 So. 3d 1201, 1214-15 (Fla. 2010) (interpreting Florida's long arm statute, held that allegedly defamatory material about a Florida resident placed on the Web and accessible in Florida constitutes an "electronic communication into Florida" when the material is accessed (or "published") in Florida, such that online publication fits within contours of libel).

Defendants contend that Avrich's offending statements amount to nothing more than rhetorical name-calling or expressions of opinion which cannot be construed as statements of fact.  Therefore, they argue, the statements cannot constitute actionable defamation.  Defendant's comments stem from his apparently strongly-held convictions about Plaintiff's name.  This may

turn out to be a case about literal name calling. But, Defendant's publications also contain statements about Plaintiff's intelligence, class, ancestry and business-relevant qualities. As examples of the latter, Defendant allegedly stated that Plaintiff might not be a real person, is a cheapskate, a "non-customer," and lacks any credibility. Compl. ¶ 10.

Construing the allegations in the Complaint in the light most favorable to Plaintiff, the Court cannot conclude at this stage that Defendant's comments are mere rhetoric and cannot constitute defamatory publications. *See*, *e.g.*, *Presley v. Graham*, 936 F. Supp. 2d 1316, 1325-26 (M.D. Ala. 2013) (finding, at pleading stage, that statement that plaintiff was "a supervisor's nightmare," even if opinion, could be interpreted by a reasonable reader as a fact-based summation). In our age of anonymous internet trolls and the often-uninformed echo-chamber of the blogosphere, maybe no reasonable reader would take Defendant's statements as asserting facts rather than just one more outspewing of thoughtless rhetoric. But the Court is not willing to say, as a matter of law, that Defendant's insults are incapable of being interpreted as false facts. Visitors of transportreviews.com may understand Defendant to be stating that Plaintiff is in fact inbred, or not a real person, or, at the very least, someone you wouldn't want to do business with. The Complaint fairly and plausibly alleges as much. Whether it is true requires the Court to consider a factual context for the parties to address and develop in discovery. Plaintiff's allegations of defamation will survive Defendant's Motion to Dismiss.

      **B.**    **The Complaint Must Be Amended To Satisfy The Amount-In-Controversy Requirement**

However, Plaintiff's bare suggestion that he has suffered damages at or in excess of $75,000 is insufficient to meet the amount-in-controversy requirement for federal diversity jurisdiction.

"Federal courts are courts of limited jurisdiction. In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount-in-controversy exceeds $75,000." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing 28 U.S.C. § 1332). Typically, dismissal for failure to meet the amount-in-controversy requirement is appropriate only "where the pleadings make it clear to a legal certainty that the claim is really for less than the jurisdictional amount." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citations omitted); *see also Burlington Ins. Co. v. Brown*, 2013 WL 3470724, at *2 (M.D. Fla. July 10, 2013) ("Generally, the Court accepts that the amount in controversy has been satisfied when the plaintiff claims a sufficient sum in good faith, absent facts demonstrating to a legal certainty that the claim is really for less than the jurisdictional amount."). However, "where jurisdiction is based on a claim for indeterminate damages, the [] 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins.*, 329 F.3d at 807.

When the jurisdictional amount-in-controversy is not facially apparent from the complaint, a court will permit the use of "deduction, inference, or other extrapolation of the amount in controversy" and "may consider facts alleged in the [complaint or] notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 754 (11th Cir. 2010); *see also Lowery v. Ala. Power Co.*, 483 F. 3d 1184, 1211 (11th Cir. 2007) ("[I]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from

them, then the Court has jurisdiction."); *Cate v. Serv. Corp. Int'l*, 833 F. Supp. 2d 1324, 1327 (M.D. Ala. 2011) (party "may submit a wide range of evidence in order to satisfy the jurisdictional requirements"). "Although Plaintiff bears the burden of establishing the amount-in-controversy requirement, this burden is not onerous. It merely requires that Plaintiff convince this Court that it is more likely than not that the pleading satisfies the jurisdictional minimum." *Company Prop. & Cas. Ins. Co. v. Metal Roofing Sys.*, 2013 WL 5770730, at *3 (S.D. Fla. Oct. 24, 2013). But, plaintiff's good faith belief that its claim meets the amount-in-controversy is insufficient when faced with objections based on evidence submitted by the parties, and the court is therefore left to speculate as to how the amount-in-controversy could be met. *See Malekmarzban v. Levine*, 2014 WL 1600576 (S.D. Fla. Apr. 21, 2014) (plaintiff failed to carry burden to satisfy amount-in-controversy requirement based on good faith belief alone); *Bradley v. Kelly Services, Inc.*, 224 Fed. App'x 893, 894-95 (11th Cir. 2007) (affirming dismissal of complaint, noting the employee's speculation that her claims exceeded $75,000 did not satisfy burden of proving by a preponderance of the evidence that claims exceeded such an amount for purposes of subject matter jurisdiction).

Here, Plaintiff merely states that the "Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds to sum or value of $75,000." Compl. ¶ 2. But Plaintiff provides no support – by way of, e.g., allegations as to his business endeavors and the impact of Defendant's statements on them, or allegations concerning visibility of transportreviews.com relative to Plaintiff's reputation or business contacts – for that (or any) amount of damages suffered due to Defendants' alleged defamation. Plaintiff suggests that the permanence of Defendants' online statements "shows the potential damages that Plaintiffs can reasonably expect to prove." ECF No. [21] ("Response") at 4.

Although there is some support for the proposition that online posts, regardless of direct site-traffic, can contribute to damages. *See Silver v. Brown*, 382 Fed. App'x 723, 732 (10th Cir. 2010) ("The damage is done when a person searching the internet for information about Mr. Silver runs across Mr. Brown's blog."). However, Plaintiff has not provided the Court enough even to infer or extrapolate as to whether the amount-in-controversy is met. He has not satisfied his burden of establishing by a preponderance of the evidence that his claim for damages here meets the $75,000 requirement.

### III.   CONCLUSION

While the substance of Plaintiff's defamation claims are plausibly stated, he has failed to provide allegations or facts sufficient to support his contention that the amount of damages claimed meets the jurisdictional amount-in-controversy requirement. Therefore, Plaintiff will be granted leave to amend his Complaint to properly state and support the amount-in-controversy. *See*, *e.g.*, *Miller v. Support Collection Unit Westchester Cnty.*, 82010 WL 767043, at *11 (M.D. Fla. Mar. 5, 2010) (granting leave to amend to state amount-in-controversy); *Woodhull v. Mascarella*, 2009 WL 1790383, at *1 (N.D. Fla. June 24, 2009) (previously denying motion to dismiss for lack of subject matter jurisdiction based on failure to meet amount-in-controversy requirement without prejudice to refile, and permitting amendment to complaint); *see also W.R. Huff Asset Mgmt. Co. v. Kohlberg, Kravis, Roberts*, 209 Fed. App'x 931, 934 (11th Cir. 2006) (noting "leave to amend should be liberally granted when necessary in the interest of justice").

Accordingly, it is hereby **ORDERED AND ADJUDGED** that

> 1. Plaintiff is granted **LEAVE TO AMEND** his Complaint by and until **November 3, 2014**.

CASE No.  14-CIV-61264-BLOOM/Valle

2. Defendants William Avrich and Above Avrich, Inc.'s Motion to Dismiss, ECF No. [19], is **DENIED**.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, this 14th day of October, 2014.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record