UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-61264-BLOOM/Valle

SURROGATE DIBBLE,

      Plaintiff,

v.

WILLIAM AVRICH and
ABOVE AVRICH, INC.,

      Defendants.

_____/

**MEMORANDUM OPINION AND ORDER**
**<u>DENYING DEFENDANTS' MOTIONS TO DISMISS</u>**

**THIS CAUSE** came before the Court on Defendants' William Avrich and Above Avrich, Inc.'s ("Defendants") renewed Motion to Dismiss, ECF No. [29] (the "Motion"). The Court has reviewed the Motion, all supporting and opposing filings, and the record in this case, and is otherwise fully advised as to the premises. For the reasons set forth below, the Court denies the Motion.

## I.     BACKGROUND

Defendants' Motion seeks dismissal of Plaintiff Surrogate Dibble's ("Plaintiff") Amended Complaint, ECF No. [23], pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction on the grounds that Plaintiff has failed to meet the $75,000 amount-in-controversy requirement. Plaintiff filed his original Complaint on May 30, 2014, stating claims for defamation based on statements allegedly published by Defendants about Plaintiff on a website, www.transportreviews.com. On August 26, 2014, Defendants filed their first motion to dismiss, for failure to state a claim and for failure to support diversity jurisdiction. In its

memorandum opinion and order of October 15, 2014, the Court determined that "[w]hile the substance of Plaintiff's defamation claims are plausibly stated, he has failed to provide allegations or facts sufficient to support his contention that the amount of damages claimed meets the jurisdictional amount-in-controversy requirement."  ECF No. [22] at 10; *Dibble v. Avrich*, 2014 WL 5305468, at *6 (S.D. Fla. Oct. 15, 2014).  The Court therefore granted Plaintiff "leave to amend his Complaint to properly state and support the amount-in-controversy."  *Id*. Plaintiff filed his Amended Complaint that same day.  Defendants now move to dismiss. Familiarity with the facts and law of the case is otherwise assumed.

## II.      DISCUSSION

Plaintiff's Amended Complaint alleges facts sufficient to meet the $75,000 amount-in-controversy requirement for diversity jurisdiction.

### A.      The Rule 12(b)(1) Analysis

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms:  a "facial attack" or a "factual attack."  "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'"  *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).  "A 'factual attack,' on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings."  *Kuhlman v. United States*, 822 F. Supp. 2d 1255, 1256-57 (M.D. Fla. 2011) (citing *Lawrence*, 919 F.2d at at 1529); *see Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a

factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.").

In considering a factual attack, the court may hear conflicting evidence and decide the factual issues that determine jurisdiction.  *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991).  The Eleventh Circuit has "cautioned, however, that the district court should only rely on Rule 12(b)(1) "[i]f the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action.  If a jurisdictional challenge does implicate the merits of the underlying claim then the proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (emphasis altered) (citing *Garcia v. Copenhaver, Bell & Associates*, 104 F.3d 1256, 1261 (11th Cir. 1997)).

### B.    Defendants' First 12(b)(1) Challenge

Defendants' first motion to dismiss amounted to a facial attack on Plaintiff's original Complaint.  Defendants argued that, in merely stating that the "Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds to sum or value of $75,000," Plaintiff did not sufficiently plead the amount-in-controversy required for diversity jurisdiction.

The Court agreed, and explained,

"Federal courts are courts of limited jurisdiction.  In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount-in-controversy exceeds $75,000."  *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing 28 U.S.C. § 1332). Typically, dismissal for failure to meet the amount-in-controversy requirement is appropriate only "where the pleadings make it clear to a legal certainty that the claim is really for less than the jurisdictional amount."  *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citations omitted); *see also Burlington Ins. Co. v. Brown*, 2013 WL 3470724, at *2 (M.D. Fla. July 10, 2013) ("Generally, the Court accepts that the amount in controversy has been satisfied

> when the plaintiff claims a sufficient sum in good faith, absent facts demonstrating to a legal certainty that the claim is really for less than the jurisdictional amount.").  However, "where jurisdiction is based on a claim for indeterminate damages, the [] 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins.*, 329 F.3d at 807.

ECF No. [22] at 8; *Dibble v. Avrich*, 2014 WL 5305468 at *5.

Plaintiff's claims as articulated in his original Complaint were for indeterminate damages.  The Complaint contained no allegations sufficient to establish the stated amount-in-controversy and with it diversity jurisdiction.  The Court, therefore, granted Plaintiff leave to amend.

### C.   Plaintiff's Amended Complaint Meets The Amount-In-Controversy Requirement

To resolve the instant Motion, the Court must determine which legal standard applies to the Amended Complaint for assessing whether the amount in controversy is satisfied, and whether Defendants have mounted a facial or factual attack on the Court's subject matter jurisdiction.  The two issues overlap.

### 1.   Applying the "Legal Certainty" Test

In his Amended Complaint, Plaintiff again alleges that "the matter in controversy exceeds the sum or value of $75,000," but this time connects the jurisdictional assertion with factual allegations concerning the reputational injury to Plaintiff caused by Defendants' alleged defamatory statements, as well as to allegations regarding consequent damages.  Plaintiff alleges that he is "retired Army E-7 rank disabled Vet, whose reputation is all that matters" and whose "reputation was tarnished as a result of the Defamatory statements listed by Defendants."  Am. Compl. ¶ 2.  He claims that he was "contacted by individuals who reached out to Plaintiff after going on [sic] website, and were questioning his reputation."  *Id*.  Plaintiff further alleges that he

4

will be able to demonstrate damages based on the alleged reputational harm, as well as damages related to a "stress disorder" and his "health and well-being."  *Id*.  At the same time, each of Plaintiff's counts seeks unspecified "compensatory damages . . . in an amount to be determined at trial."  Am. Comp. at 6-10.

Plaintiff does not indicate whether his alleged reputational injury is personal or professional, or both.  The Amended Complaint does allege that Defendants' statements were "injurious to Plaintiff's professional and personal reputation."  Am. Compl. ¶ 10.  But Plaintiff provides no further specificity as to either.  The Amended Complaint may be fairly read to allege that Plaintiff's positive reputation as a retired veteran influenced his professional endeavors, and that Defendants' alleged defamatory statements harmed those interests.  But even if Plaintiff is alleging harm only to his personal reputation, Plaintiff has stated a claim for libel *per se* in that Defendants' statements plausibly subjected Plaintiff "to hatred, distrust, ridicule, contempt, or disgrace," *see* ECF No. [22] at 5; *Dibble v. Avrich*, 2014 WL 5305468 at *3 (quoting *Klayman v. Judicial Watch, Inc.*, 2014 WL 2158418, at *2 (S.D. Fla. May 23, 2014)), as well as a claim for libel *per quod*.  *See Hoch v. Rissman, Weisberg, Barrett*, 742 So. 2d 451, 457 (Fla. 5th DCA 1999) (defamation *per se* is actionable on its face and general damages are presumed; defamation *per quod* "requires additional explanation of the words used to show that they have a defamatory meaning" and "the plaintiff must allege and prove special damages").  Either theory of liability can plausibly support damages at or in excess of the amount-in-controversy requirement.  *See generally Lawnwood Med. Ctr., Inc. v. Sadow*, 43 So. 3d 710, 729 (Fla. 4th DCA 2010) (defamation per se creates a conclusive legal presumption of loss or damage and is alone sufficient to support punitive damages even without actual damages); *Falic v. Legg Mason Wood Walker, Inc.*, 347 F. Supp. 2d 1260, 1268 (S.D. Fla. 2004) ("Special damages are actual, out of

pocket losses which must be proven by specific evidence as to the time, cause and amount; whereas, general damages encompass the more customary harms inflicted by a defamatory falsehood, such as impairment of reputation and standing in the community."); *Rae v. Perry*, 392 Fed. App'x 753, 755 (11th Cir. 2010) ("Punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases.").

Strictly speaking, Plaintiff's claim for damages is indeterminate:   "A claim for indeterminate damages is defined as a claim that includes an 'unspecified demand for damages.'" *Am. Gen. Life & Acc. Ins. Co. v. Johnson*, 2011 WL 1336554, at *2 (M.D. Ga. Apr. 7, 2011) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), overruled on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072-77 (11th Cir. 2000)).

However, several courts have applied the "legal certainty" test where, as here, the plaintiff has alleged that he meets the amount-in-controversy requirements and provides facially valid factual allegations to substantiate the jurisdictional assertion.   *See Zehel-Miller v. Astrazenaca Pharm., LP*, 223 F.R.D. 659, 665 (M.D. Fla. 2004) (rejecting jurisdictional challenge where "complaint expressly alleged – albeit somewhat inartfully – an amount in controversy exceeding the jurisdictional amount as to each plaintiff"); *Stonebridge Life Ins. Co. v. Verneuille*, 2007 WL 38341, at *2 (S.D. Ala. Jan. 4, 2007) (rejecting application of "preponderance" test where complaint stated that amount-in-controversy was met and recited specific facts to support that jurisdictional allegation); *Raye v. Employer's Ins. of Wausau*, 345 F. Supp. 2d 1313, 1317 (S.D. Ala. 2004) (applying "legal certainty" test where complaint expressly demanded recovery in excess of $75,000); *Mitan v. A. Neumann & Associates, LLC*, 2010 WL 4782771, at *2 (D.N.J. Nov. 17, 2010) (applying "legal certainly" test to defamation *per se* claim where complaint merely stated that amount-in-controversy was met); *Dealer Computer Servs.,*

*Inc. v. Fullers' White Mountains Motors, Inc.*, 2008 WL 828732, at **3-4 (D. Ariz. Mar. 26, 2008) (rejecting amount-in-controversy challenge to jurisdiction where state law permitted inferred damages to reputation for defamation claims); *Mehmet v. Paypal, Inc.*, 2008 WL 3495541, at *4 (N.D. Cal. Aug. 12, 2008) (applying "legal certainty" test, held that plaintiff's defamation claim substantiated jurisdiction based on potential recovery of punitive damages).

This comports with the Eleventh Circuit's instruction in the stricter but parallel context of removal jurisdiction that "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).  However, where the plaintiff *has* alleged facts that support the complaint's jurisdictional assertion, a court can conclude that the jurisdictional burden is met. *See Purdiman v. Organon Pharms. USA, Inc.*, 2008 WL 686996, at *2 (N.D. Ga. Mar.12, 2008) (concluding that it was "apparent from the factual allegations in the Complaint that the amount in controversy in this action exceeds $75,000"); *Marchant v. Mane*, 2012 WL 2389331, at *3 (M.D. Ala. June 25, 2012) ("find[ing] that the value of Plaintiff's claim as pled more likely than not exceeds the minimum jurisdictional requirement").

### 2.    Applying the "Preponderance" Test

Even subjected to the "preponderance" test, Plaintiff's Amended Complaint sufficiently asserts diversity jurisdiction.

First, despite raising the specter of an evidentiary challenge, Defendants have submitted no evidence whatsoever – as to the amount-in-controversy or otherwise.[1]  Therefore, the Motion

---

[1] Defendants merely refer to Plaintiff's initial disclosures (which Defendants neglected to attach to their Motion, but which is docketed at ECF No. [6]), which is not itself a form of evidence.  Defendants' substantive contentions are equally misplaced.  For example, Defendants note that Plaintiff did not list any potential witnesses other than himself, undermining Amended Complaint's allegation that individuals contacted Plaintiff after viewing

cannot be construed as a factual attack on this Court's jurisdiction by recourse to information outside the pleadings.

In addressing Defendants' facial attack, the Court is limited to the allegations contained in the Amended Complaint.  Furthermore, so long as the jurisdictional amount is facially apparent from the Amended Complaint, meeting the "preponderance" test does not require the Court to go beyond the pleadings.  *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.  If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) ("[I]t may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages." (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010)); *Lowery v. Ala. Power Co.*, 483 F. 3d 1184, 1211 (11th Cir. 2007) ("[I]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the Court has jurisdiction.").  Finally, as the Court stated in its previous opinion and order, "[a]lthough Plaintiff bears the burden of establishing the amount-in-controversy requirement, this burden is not onerous.  It merely requires that Plaintiff convince this Court that it is more likely than not that the pleading satisfies the jurisdictional minimum." *Company Prop. & Cas. Ins. Co. v. Metal Roofing Sys.*, 2013 WL 5770730, at *3 (S.D. Fla. Oct. 24, 2013).

---

the website and questioned Plaintiff's reputation.  However, in his disclosures, Plaintiff explicitly reserved the right to supplement his witness list.

CASE No.  14-CIV-61264-BLOOM/Valle

Looking only at the allegations in the Amended Complaint, the Court is convinced that Plaintiff's claim meets the jurisdictional amount-in-controversy threshold.  Plaintiff states a set of claims which, read broadly but plausibly, can command $75,000 or more in damages. Plaintiff's Amended Complaint is sufficient to invoke this Court's jurisdiction.

### III.    CONCLUSION

For the Foregoing reasons, this Court has subject matter jurisdiction over Plaintiff's claims as stated in the Amended Complaint.   Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants William Avrich and Above Avrich, Inc.'s Motion to Dismiss, ECF No. [29] is **DENIED**.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, this 20th day of November, 2014.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record